# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PARALLEL NETWORKS LICENSING, LLC, <br>     *Plaintiff*, <br><br> v. <br><br> RAMQUEST SOFTWARE, INC., <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:19-cv-487 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Ramquest Software, Inc.'s Motion to Stay Proceedings Pending Completion of *Inter Partes* Review (Dkt. #16). After consideration, the Court finds that the motion should be **DENIED without prejudice**.

## BACKGROUND

**I.**     **Factual Summary**

This case arises from Plaintiff Parallel Networks Licensing, LLC's ("Parallel Networks") allegations that Defendant Ramquest Software Inc. infringed two patents owned by Plaintiff—United States Patent Nos. 5,894,554 ("the '554 Patent") and 6,415,335 ("the '335 Patent"). Specifically, Plaintiff claims that Defendant infringes claim 12 of the '554 patent and claim 43 of the '335 patent.

Nearly six years prior to the commencement of this action, Plaintiff asserted the '554 and '335 patents against Microsoft Corporation ("Microsoft") and International Business Machines Corporation ("IBM").[1] In December 2014, Microsoft filed four petitions for *inter partes* review ("Microsoft IPRs) challenging the validity of the claims in the '554 and '335 patents—including

---

[1] Defendant was not a party to this action or the associated IPRs.

the claims in dispute in this case. The Patent Trial and Appeal Board ("PTAB") instituted review of the following claims on anticipation and obviousness grounds.

| Patent | Claims |
|---|---|
| '554 patent | 12-17, 20-32, 34-46, and 48 |
| '554 patent | 12-49 |
| '554 patent | 14, 15, 18, 19, 33, and 47 |
| '554 patent | 17, 29, 43, and 49 |
| '335 patent | 30-35, 40, 43-48, 53, 56-68, 70-83, and 85 |
| '335 patent | 30-40, 43-53, and 56-85 |
| '335 patent | 32, 33, 36-40, 45, 46, 49-53, 69, and 84 |
| '335 patent | 35, 48, 65, and 80 |
| '335 patent | 41, 42, 54, and 55 |

In August 2016, the PTAB found that Microsoft had not demonstrated the unpatentability of the above claims based on either anticipation or obviousness, and Microsoft appealed the decision to the Federal Circuit. On appeal in December 2017, the Federal Circuit vacated in part and remanded the PTAB's decision, mandating that the PTAB reconsider its rulings on the issues of anticipation and obviousness. *See Microsoft Corp. v. Parallel Networks Licensing, LLC*, 715 F. App'x 1013 (Fed. Cir. 2017).

In September 2018, the PTAB ordered Plaintiff and Petitioner, Microsoft, to brief it on the impact of the Federal Circuit's decision in *Click-to-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018). In particular, the PTAB ordered Plaintiff and Petitioner to brief it on the issue whether it has jurisdiction under 35 U.S.C. §§ 315(a)(1) and (b) to institute *inter partes* review on remand in view of the decision in *Click-to-Call*. Petitioner filed its brief on October 12, 2018; Plaintiff responded on October 26, 2018; and Petitioner replied on November 2, 2018. *See* Petitioner's Brief, *Microsoft Corp. et al. v. Parallel Networks Licensing, LLC*, IPR2015-00483, IPR2015-00485, Paper 88 (PTAB Oct. 12, 2018); Patent Owner's Response, *Microsoft Corp. et*

*al. v. Parallel Networks Licensing, LLC*, IPR2015-00483, IPR2015-00485, Paper 89 (PTAB Oct. 26, 2018); Petitioner's Reply, *Microsoft Corp. et al. v. Parallel Networks Licensing, LLC*, IPR2015-00483, IPR2015-00485, Paper 90 (PTAB Nov. 2, 2018). As of the date of this Order, the PTAB has not issued a decision on remand.

## II.  Procedural History

On July 3, 2019, Plaintiff filed a Complaint (Dkt. #1). On October 25, 2019, Defendant filed the present motion to stay pending completion of *inter partes* review (Dkt. #16). On November 15, 2019, Plaintiff filed a response (Dkt. #24). On November 25, 2019, Defendant filed a reply (Dkt. #25). On December 4, 2019, Plaintiff filed a sur-reply (Dkt. #28).

## LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

3

**ANALYSIS**

I.   **Undue Prejudice**

Defendant provides two reasons for why a stay will not unduly prejudice Plaintiff. First, Defendant argues that "the delay inherent in granting a stay alone is insufficient to defeat a motion to stay." (Dkt. #16). Second, Defendant claims that a stay will not cause Plaintiff undue prejudice here because monetary relief will be sufficient to compensate it for any alleged infringement. Plaintiff argues that it will be unduly prejudiced by a stay because it is entitled to the prompt enforcement of its patent rights.

Plaintiff observes correctly that patentees have an interest in "reasonable and timely access to, and redress from, the federal courts to resolve infringement of its patents." (Dkt. #24). And this consideration is entitled to some weight. *Trover Grp, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. March 11, 2015); *see also Network–1 Sec. Solutions, Inc. v. Alcatel–Lucent USA Inc.*, No. 6:11–cv–492, at 9 (E.D. Tex. Jan. 5, 2015); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2–13–cv–235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, No. 6:11–cv–455, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014); *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12–cv–224, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014); *Voltstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:12–cv–82, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). However, courts in this district have recognized that "th[is] factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Techs.*, 2015 WL 1069111, at *2 (collecting cases); *see also CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd. et al.*, No. 2:17-cv-140-WCB-RSP, Dkt. 331, at 7 (E.D. Tex. Feb. 14, 2019).

Moreover, it is significant that Plaintiff seeks only monetary damages here: "when a patentee seeks exclusively monetary damages, rather than a preliminary injunction or other relief, 'mere delay in collecting those damages does not constitute undue prejudice.'" *Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*, No. 6:18-cv-30, Dkt. 454, at 4 (E.D. Tex. Aug. 28, 2019); *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-cv-724, 2016 WL 3079509, at *2 (E.D. Tex. June 1, 2016) (quoting *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-CA-1025, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015)).

Plaintiff also maintains that it would suffer prejudice from a stay because Defendant "would benefit from the delay without assuming any risk of statutory estoppel." (Dkt. #24). But as Defendant makes clear in its reply, it "is willing to be bound by the estoppel provisions of 35 U.S.C. § 315 when the PTAB issues final written decisions on remand addressing the patentability of the challenged claims in Microsoft's currently pending IPRs." (Dkt. #25). In the Court's view, this sufficiently obviates the concern that Defendant will be able to game the system and get a second bite at the apple. *See* (Dkt. #24) ("Without this safeguard, a defendant could 'retain the right to present a nearly full-blown prior art case for the Asserted Patents after the stay lifts.'") (quoting *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81, 2016 WL 7634422, at *4 (E.D. Tex. Nov. 7, 2016)).

In the Court's view, the only potential prejudice Plaintiff faces is the delay in litigating its patent rights—a minimal prejudice present in every case in which a stay is sought. Without more, the Court finds that the first factor weighs slightly in favor of granting the stay. *See Cypress Lake*, No. 6:18-cv-30, Dkt. 454, at 7.

## II. Stage of the Proceedings

"Generally, the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). The Court therefore considers the state of this case when Defendant filed its motion to stay on October 25, 2019. *See Cypress Lake*, No. 6:18-cv-30, Dkt. 454, at 7. At that time, and shortly thereafter, Plaintiff and Defendant both agreed that the case was still in its early stages. (Dkts. #16; #24). Indeed, as of October 25, 2019, there had not been a scheduling conference, no discovery had occurred, there had been no exchange of infringement or invalidity contentions, and no trial date had been set. The Court did not enter a scheduling order even setting these deadlines until February 7, 2020. (Dkt. #33).

There is no question but that this case was in its infancy when Defendant filed its motion to stay. And Plaintiff does not meaningfully contest this point. Accordingly, the Court finds that the second factor weighs in favor of granting the stay.

## III. Simplification of the Case

Whether the *inter partes* review is likely to result in simplification of the issues before the Court is considered the most important factor bearing on whether to grant a stay. *See Cypress Lake*, No. 6:18-cv-30, Dkt. 454, at 12; *see also Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-390, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019); *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, No. 6:15-cv-1095, 2018 WL 3656491, at *3 (E.D. Tex. Aug. 1, 2018); *Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-cv-1001, 2017 WL 2899690, at *3 (E.D. Tex. Feb. 9, 2017); *NFC Techs.*, 2015 WL 1069111, at *4.

Defendant's position is that a stay is likely to simplify the issues in this case. It argues that the Federal Circuit's remand of the Microsoft IPRs returns the IPRs to their post-institution

6

posture, meaning that the PTAB will review every claim of the '554 and '335 patents. Defendant reasons that the PTAB, on remand, is likely to invalidate all, or at least some, of the claims of the '554 and '335 patents. This, Defendant maintains, would greatly simplify the lawsuit because there would be less to litigate. And even to the extent that the PTAB does not invalidate any claims of the '554 and '335 patents, Defendant submits that the IPR proceedings will help simplify the issues in the case: "the expertise of the PTAB judges in this field of art is likely to be of considerable assistance to the Court." *CyWee Grp.*, No. 2:17-cv-140-WCB-RSP, Dkt. #331, at 19.

Plaintiff argues that a stay is unlikely to simplify the issues in this case because, in its view, the PTAB is unlikely to reach the issues of obviousness and anticipation on remand in light of the Federal Circuit's decision in *Click-to-Call*. In *Click-to-Call*, the Federal Circuit held that a Plaintiff's initial service of a complaint in a patent infringement suit triggers 35 U.S.C. § 315(b)'s one-year period for filing a petition for *inter partes* review, even if the complaint had earlier been voluntarily dismissed without prejudice. *See generally Click-to-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018). Because Petitioners in the Microsoft IPRs were served with complaints related to the '554 and '335 patents on December 20, 2013 but did not file any IPR petitions until December 23, 2014, Plaintiff argues that the PTAB will likely interpret *Click-to-Call* as requiring dismissal of the Microsoft IPRs for lack of jurisdiction.

Plaintiff makes an important point about this case: the "potential application of the statutory bar [is] an issue *predicate* to reach the substantive issues on remand." (Dkt. #24) (citing *Microsoft Corp. et al. v. Parallel Networks Licensing, LLC*, IPR2015-00483, IPR2015-00485, Paper 86 at Page 2 (PTAB Sept. 21, 2018)). This means that, until the PTAB decides whether it has statutory authority to act, it technically has not instituted review of the Microsoft IPRs on remand—on the merit issues of obviousness and anticipation—pursuant to the Federal Circuit's mandate.

7

Without commenting on the likelihood that the PTAB will institute *inter partes* review on remand, the Court will note simply that "the question whether the stay will lead to simplification of the issues before the Court depends very much on whether the PTAB decides to grant the petition." *Trover Grp.*, 2015 WL 1069179, at *4. Indeed, courts in this district have declined to grant stays prior to the PTAB's institution decision on the ground that it is difficult to predict the effect that a stay would have on the issues in the case. *See id.*; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014); *see also Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-cv-01001-RWS-KNM, 2017 WL 2899690, at *3 (E.D. Tex. Feb. 9, 2017) (discussing the "almost universal rule denying pre-institution stays"); *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3079509, at *2 (E.D. Tex. June 1, 2016). And the Federal Circuit has held that it is "not error for the district court to wait until the PTAB ma[kes] its decision to institute [] review before [] rul[ing] on the motion [to stay]." *VirtualAgility*, 759 F.3d at 1315–16.

To be sure, the parties to the Microsoft IPRs each make viable arguments for why or why not the PTAB has authority to act. *Compare* Petitioner's Brief, *Microsoft Corp. et al. v. Parallel Networks Licensing, LLC*, IPR2015-00483, IPR2015-00485, Paper 88 (PTAB Oct. 12, 2018), *with* Patent Owner's Response, *Microsoft Corp. et al. v. Parallel Networks Licensing, LLC*, IPR2015-00483, IPR2015-00485, Paper 89 (PTAB Oct. 26, 2018). But until the PTAB does in fact act, the Microsoft IPRs are in the pre-institution phase, and under this procedural posture, the law from this district counsels against granting a stay.

Thus, the Court finds that the first factor weighs slightly in favor of a stay; the second factor weighs in favor of a stay; and the third factor cuts against a stay. According due weight to the third factor, which is the most important in the analysis, the Court is not persuaded at this time that

"the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *See NFC Techs.*, 2015 WL 1069111, at *2. Accordingly, at this time, a stay is improper here and Defendant's motion for a stay should be denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Ramquest Software, Inc.'s Motion to Stay Proceedings Pending Completion of *Inter Partes* Review (Dkt. #16) is **DENIED without prejudice**.

**IT IS SO ORDERED.**
**SIGNED this 13th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE